### Petition of 21 Main Street Limited Partnership v. Vermont Electric Cooperative, Inc.

[424 A.2d 1074]

No. 13-80

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed November 5, 1980

120

*Gensburg & Axelrod,* St. Johnsbury, for Plaintiff.

*William B. Piper* of *Downs, Rachlin & Martin,* St. Johnsbury, for Defendant.

Hill, J. This is an appeal from a decision of the Vermont Public Service Board applying defendant Vermont Electric Cooperative's (VEC's) residential tariff to an apartment building owned by the plaintiff-appellant, 21 Main Street. Appellant, who pays the entire electric bill for the building, claims that single-meter commercial service should be provided. We disagree and affirm.

The acquisition and reconstruction of the appellant's property was financed by the Vermont Housing Agency in conjunction with the United States Department of Housing and Urban Development and the Vermont State Housing Authority. As part of its agreement for the financing, appellant is required to pay all utility costs incurred by the residents in the development. 21 Main Street is a member of, and receives electric power from, VEC.

Electric cooperatives are established under the powers granted by the Legislature in Title 30. Pursuant to 30 V.S.A. §§ 3002, 3040, VEC created tariff schedules for commercial and residential users. Like other utilities, VEC uses a declining block schedule, meaning that as the consumer uses more electricity, the incremental charge for the increased use declines. If the commercial tariff applies, and the consumption of the apartment complex is aggregated, only the first 100 kilowatt hours of electricity used in the entire complex would be billed at the higher rate. If residential tariff rates apply, each apartment would be separately metered, and there would be 11 separate declining blocks.

The tariffs filed with the Vermont Public Service Board recite, *inter alia,* the charges for different kinds of service, and set forth which purchasers are entitled to which type of

service. According to the schedules, the utility's commercial service is "available to commercial, industrial, and three-phase farm members for all uses, on a year-round basis, subject to the established rules and regulations." Residential service is "available to residential members for all uses, subject to the established rules and regulations." The schedule continues: "A residential consumer is defined to include each separate house, apartment, flat, or other living quarters occupied by a person constituting a distinct household on a year-round basis."

Appellant claims that the nature of the electric cooperative member's activity, not the ultimate use of the electricity, determines whether the residential or commercial tariff is applicable. Since 21 Main Street, and not the tenants individually, is a member of the cooperative, appellant argues that its own activity determines the applicable tariff. As such, 21 Main Street frames the issue in terms of whether it performs a commercial activity.

██ Appellant misstates the issue, and its claim falls as the true issue emerges. Tariff rates are directed towards the nature of the use of energy. In discussing the process of pricing, this Court has noted: "In the first instance, it is the responsibility of the utility to make a determination of the particular rate schedule applicable to the consumer according to the use made of the electric energy supplied him." *North* v. *City of Burlington Electric Light Department,* 125 Vt. 240, 242, 214 A.2d 82, 84 (1965). If we were now to allow consumers to manipulate which tariffs were applicable by simple business alterations and demands for single-meter service, the theory upon which the price schedules are based would be violated. We are not interested in who ultimately bears the cost of the electricity, nor are we concerned with the separate legal issue raised by appellant of whether nonmembers may buy electricity from a cooperative. Each unit involved here constitutes a distinct household within the meaning of the applicable tariff, each is a consumer, and each should be separately metered.

The electric energy in this case is provided for residential use, therefore the residential tariff should apply.

*Judgment affirmed.*